UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58 et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No. 4:24-cv-00331-SRC <br> ) |
| LANDMARK INTERIORS, LLC and CARDIN RACKLEY, | ) <br> ) <br> ) |
| Defendants. | ) |

**Memorandum and Order**

Plaintiffs sued Landmark Interiors, LLC and its owner, Cardin Rackley, alleging that Landmark failed to make fringe-benefit contributions and violated the terms of its collective-bargaining agreement. Doc. 1. When both Landmark and Rackley failed to enter appearances of any kind in this case, Plaintiffs moved for partial default judgment, asking the Court to order Landmark to submit to an accounting of its payroll records. Doc. 15. Before the Court resolved that motion, the parties collaborated in a payroll audit, *see* docs. 17–23, which they have now completed, *see* doc. 31. Since completing the audit, Plaintiffs have presented the Court with a final calculation of damages. Doc. 31. The Court held a default-judgment hearing and now grants Plaintiffs' motion for entry of default judgment.

**I.     Background**

On March 4, 2024, Plaintiffs sued Landmark and Rackley under two provisions of federal law: section 301 of the Labor Management Relations (or Taft-Hartley) Act, 29 U.S.C. § 185, and section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132. Doc. 1. They allege Landmark violated a collective-bargaining agreement, to which it is a signatory, by

failing to (1) make all required fringe-benefit contributions to the St. Louis Painters Pension Trust, the St. Louis Painters Welfare Trust, the St. Louis Painters Vacation Trust, and the Finishing Trades Institute of Midwest Trust (collectively, the "Funds"), and (2) remit all union dues to Painters District Council No. 58.  *Id.* at 7.  Plaintiffs further allege that Rackley is jointly liable for all the damages they seek because he signed a personal guarantee when Landmark became a signatory of the collective-bargaining agreement.  *Id.* at 9.  They seek both damages and equitable relief, including the total amount of unpaid principal contributions, liquidated damages, payroll audit costs, and attorneys' fees and administrative costs.  *Id.* at 7–8, 10.

Both Landmark and Rackley received a summons and copy of the complaint on April 3, 2024, docs. 7–8, and failed to file an answer or response.  To date, neither has entered any kind of appearance in this case.  Accordingly, Plaintiffs obtained a clerk's entry of default on April 29, 2024.  Doc. 10.  Since then, the Court ordered counsel for Defendants, or Rackley himself, to appear in court for two hearings—a status conference and the default-judgment hearing.  Doc. 24; doc. 29 at 2.  Neither counsel for Defendants nor Rackley appeared at either hearing.  Docs. 28, 32.  Now, Plaintiffs move for default judgment.  Docs. 26–27, 31.

**II.     Standard**

Default judgments are not favored in the law.  *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).  Whether to grant a default judgment is a question within the discretion of the Court, *id.*, and prior to granting one, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim, *Mid-Am. Carpenters Reg'l Council v. St. Louis Union Installations, LLC*, No. 23-cv-00779-SRC, 2023 WL 5831908, at *1 (E.D. Mo. Sept. 8,

2

2023). To obtain a default judgment under Federal Rule of Civil Procedure 55, a party must follow a two-step process.

First, the party must obtain an entry of default from the Clerk of Court, Fed. R. Civ. P. 55(a), at which point the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint, *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Second, the party must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). At that point, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed. 1998)). Then, although the factual allegations in the complaint are generally taken as true, a party entitled to a default judgment must take the extra step to sufficiently prove its damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) (explaining that a plaintiff needs to prove actual damages "to a reasonable degree of certainty"); *Stephenson v. El-Batrawi*, 524 F.3d 907, 916–17 (8th Cir. 2008) (explaining that "generic reference[s] to evidentiary support for the damages determination" are insufficient).

**III.   Discussion**

The Court begins by considering whether the unchallenged facts in Plaintiffs' complaint constitute legitimate causes of action. The Court discerns two claims from Plaintiffs' complaint: one on behalf of the Funds (and their fiduciaries) against Defendants under section 502 of

3

ERISA, and one on behalf of the union against Defendants under section 301 of the Taft-Hartley Act.  Doc. 1.

First, ERISA.  Section 502 provides that beneficiaries of employee-benefit plans may sue "to recover benefits due to [them] under the terms of [the] plan," along with interest on unpaid contributions, liquidated damages totaling up to 20% of the delinquency, "reasonable" attorneys' fees and costs, and whatever other relief a court deems appropriate.  29 U.S.C. § 1132(a)(1)(B), (g)(2).  This provision applies here.  Plaintiffs allege that Landmark did not comply with the terms of the collective-bargaining agreement, to which it is a signatory, by failing to make required fringe-benefit contributions to the Funds.  Doc. 1; *see also* doc. 27-5.  Accordingly, Plaintiffs pleaded a valid cause of action under ERISA.

Second, the Taft-Hartley Act.  Section 301 empowers federal courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."  29 U.S.C. § 185(a); *see also Nesse as Trustees of Minn. Laborers Health & Welfare Fund v. Green Nature-Cycle, LLC*, 7 F.4th 769 (8th Cir. 2021) (affirming district court's grant of summary judgment in favor of trustees on their claims under ERISA and the Taft-Hartley Act); Default Order and Judgment, *Painters Dist. Council No. 58 v. Tactical Indus. Coatings LLC*, No. 4:23-cv-00713-SRC (E.D. Mo. Oct. 26, 2023), doc. 19 (granting motion for default judgment on ERISA and Taft-Hartley Act claims).  Here, Painters District Council No. 58, which represents Landmark's employees, alleges that (1) Landmark has violated a valid contract—namely, the collective-bargaining agreement—by failing to remit all dues to the union and (2) Landmark's employees work in an industry affecting commerce.  Doc. 1; *see also* doc. 27-5.  Therefore, Plaintiffs also pleaded a valid cause of action under the Taft-Hartley Act.

4

Now the Court must ascertain whether Plaintiffs have demonstrated damages "to a reasonable degree of certainty." *Larson*, 242 F.3d at 819 (citation omitted). Plaintiffs may prove their damages through affidavits and supporting documentation. *SSM Managed Care Org., L.L.C. v. Comprehensive Behav. Care, Inc.*, No. 4:12-cv-02386-CAS, 2014 WL 1389581, at *2–4 (E.D. Mo. Apr. 9, 2014). Further, in an action for delinquent fringe-benefit contributions, the findings of a plaintiff's accountant are presumptively valid. *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10-cv-02339-AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012). If a court can ascertain damages under this standard, the court may award the relevant amount without a hearing, based solely from the evidence in the record. *See Stephenson*, 524 F.3d at 915–16; Fed. R. Civ. P. 55(b)(2).

Here, although Plaintiffs did not allege a specific amount of damages in their complaint, doc. 1, they provided specific damage amounts in their supplemental memorandum in support of their motion for entry of default judgment, doc. 31, and affidavits and other documentation, *see* docs. 31-1, 31-2, 31-3, 31-4. Also, on September 16, 2024, the Court held a default-judgment hearing to further evaluate the certainty of Plaintiffs' damages and their supporting documentation. Doc. 32. Defendants did not appear. *Id.* Accordingly, the Court addresses each damage amount in turn.

First, Plaintiffs' accountant analyzed Landmark's fringe-benefit contributions to the Funds for the period of March 2, 2022, through August 31, 2024, and in an affidavit, stated that Landmark's delinquency amounts to: (1) $92,566.92 in principal contributions; (2) $14,689.39 in liquidated damages on the principal delinquency under the cap set by section 1132(g)(2); and (3) $6,511.00 in fees for the accounting firm's payroll audit. Doc. 31-3 at 2–3. At the default-judgment hearing, Plaintiffs' counsel walked the Court through the accountant's calculations and

final damage amounts. Based on these representations and the reasonable degree of certainty in Plaintiffs' accountant's affidavit, the Court accepts these statements as true. *See Larson*, 242 F.3d at 818; *SSM Managed Care Org., L.L.C.*, 2014 WL 1389581, at *2–4.

Second, Plaintiffs' counsel submitted an affidavit and account ledger detailing that his law firm had billed Plaintiffs for attorneys' fees in this case amounting to $32,104.80, plus $974.71 in administrative costs. Doc. 31-4 at 2, *see* doc. 31-2. At the default-judgment hearing, the Court probed the abnormally large amount of attorneys' fees and the extent of attorney hours billed working on Plaintiffs' supplemental memorandum in support of their motion for entry of default judgment. *See* doc. 31-2. Plaintiffs' counsel explained that attorneys expended more time in this case than usual working with third-party administrators to properly reconcile Landmark's contributions and calculate damages. Calling the amount of attorney time "an outlier," Plaintiffs' counsel also stressed that the circumstances resulted in attorneys completing ample administrative, rather than legal, work. Thus, Plaintiffs' counsel agreed to a 40% reduction in attorneys' fees—from $32,104.80 to $19,262.88.

Going forward, the Court strongly encourages that third-party administrators—rather than attorneys—perform all administrative work to minimize costs passed onto litigants. Fees paid by funds to attorneys ultimately reduce the amount of money in the funds to provide benefits to participants and beneficiaries. And having attorneys perform administrative work does not convert it into legal work. Therefore, based on Plaintiffs' counsel's affidavit, account ledger, and representations at the default-judgment hearing, and based on the Court's own knowledge of and experience with legal fees and billing, the Court finds the reduced amount of attorneys' fees, $19,262.88, and administrative costs, $974.71, reasonable and necessary to the litigation of this case. *See Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir.

6

1984) ("Just what is a reasonable attorneys' fee is a matter peculiarly within the district court's discretion."); 29 U.S.C. § 1132(g)(2) (empowering courts to award what relief they deem appropriate).

## IV. Conclusion

Accordingly, the Court grants Plaintiffs' [26] Motion for Entry of Default Judgment. The Court further finds that Defendants owe Plaintiffs the aggregate amount of $134,004.90 in damages, which includes: (1) $92,566.92 in unpaid principal contributions; (2) $14,689.39 in liquidated damages; (3) $6,511.00 in payroll audit costs; and (4) $19,262.88 in attorneys' fees and $974.71 in administrative costs. As a result, the Court denies as moot Plaintiffs' [15] Motion for Entry of Partial Default Judgment – Accounting. A separate judgment accompanies this order.

So ordered this 4th day of October 2024.

*SL R. CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE